# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARTHA MENCHACA, M.D., Ph. D.,**

        Plaintiff,

  -vs-                                    **Case No. 10-CV-7**

**ERIK K. SHINEKI, Secretary,
Department of Veterans Affairs,**

        Defendant.

## DECISION AND ORDER

The plaintiff, Martha Menchaca ("Menchaca"), worked as a probationary radiologist at the Veterans Administration on a two-year term that commenced in September of 2007. In August of 2009, Dr. Menchaca was terminated and her clinical privileges were revoked. In January, Dr. Menchaca filed the instant action claiming that her termination was the result of unlawful retaliation in violation of Title VII. She also filed motions for a temporary restraining order and for a preliminary injunction. Dr. Menchaca requests an order restraining the defendant from reporting information regarding the revocation of her clinical privileges to the National Practitioner Data Bank ("NPDB") and to the physician licensing boards of various states. The Court denied the request for a TRO but delayed consideration of her request for a preliminary injunction until the defendant was given an opportunity to respond.

In its initial order, the Court observed that Dr. Menchaca failed to exhaust her administrative remedies. On January 6, Dr. Menchaca attended a due process hearing in response to the revocation of her clinical privileges. The revocation of privileges becomes reportable when a final decision is rendered, but as of now, a final decision is still pending and the matter is currently under advisement. *See* Government's Response, Exhibits 1, 7 (Docket 10-1). In the event of an adverse final decision, Dr. Menchaca is entitled to a "comment and discussion" period before the revocation is reported. *Id.*, Exhibit 1. Dr. Menchaca can also appeal if she receives an adverse decision, although the pendency of an appeal won't stop the revocation report from being transmitted. *Id.* Therefore, to the extent that Dr. Menchaca seeks to restrain the defendant from reporting her revocation, her claim for injunctive relief is not ripe for adjudication. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (injury must be actual or imminent, not conjectural or hypothetical); *Marusic Liquors, Inc. v. Daley*, 55 F.3d 258, 260 (7th Cir. 1995) ("[a] claim is unripe when critical elements are contingent or unknown").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Dr. Menchaca's motion for a preliminary injunction [D. 3] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of January, 2010.

                **SO ORDERED,**

                *s/ Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**